UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
UNITED STATES FOR THE USE      :
AND BENEFIT OF INTEGRATED      :
PROTECTION SERVICES, INC.,     :
                               :   NO. 1:09-CV-00041
     Plaintiff,                :
                               :
           v.                  :   OPINION AND ORDER
                               :
TK ELECTRICAL SERVICES, LLC,   :
et al.,                        :
                               :
     Defendants.               :
```

This matter is before the Court on the Magistrate Judge's December 20, 2010 Report and Recommendation (doc. 15), to which no objection has been filed. For the reasons indicated herein, the Court adopts and affirms the Magistrate Judge's Report and Recommendation in all respects, grants Defendants' motion to dismiss, and dismisses this case from the docket.

In her Report and Recommendation, the Magistrate Judge found that Plaintiff's Complaint invokes federal jurisdiction under the Miller Act, 40 U.S.C. § 3131 et seq. and 28 U.S.C. § 1352 (doc. 15). However, the Magistrate Judge noted, for the Miller Act to apply, the United States must be a party to the construction contract (Id. citing United States for the use of Gen. Elec. Supply Co. v. United States Fidelity 7 Guar. Co., 11 F.3d 577, 580 (6th Cir. 1993)). Because Plaintiff fails to allege the United States was a party to the construction contract in this case, the Magistrate Judge found the Miller Act inapplicable, and concluded

that this Court lacks subject matter jurisdiction (Id.).

The Magistrate Judge further found that the Miller Act will not apply where a bond is issued in favor of a party other than the United States or one of its agencies, that the bond in this case was not issued in favor of the United States, so that for this reason, as well, the Court lacks jurisdiction (Id. citing United States for the use of Miller v. Mattingly Bridge Co., 344 F.Supp 459, 461 (W.D. Ky. 1972)). Moreover, the Magistrate Judge found that because the bond in question was not executed under any law of the United States, no jurisdiction exists under 28 U.S.C. § 1352. Finally, to the extent that Plaintiff's remaining claims for breach of contract and unjust enrichment arise under state law, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction.

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct. The Court lacks subject matter jurisdiction over this matter, and therefore concludes Defendant's motion to dismiss should be granted. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects, GRANTS Defendants' Motion to Dismiss (doc. 6), and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: February 2, 2011  /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge